### Mathew Caviness v. The State.

#### No. 2211. Decided January 16, 1901.

1. **Seduction—Evidence—Character of Prosecutrix.**

On a trial for seduction it is competent, as tending to prove the character of prosecutrix for want of chastity, to prove that prior to the birth of her own illegitimate child, she had associated with and lived with several female relatives who, during the time she so lived with them, had each given birth to illegitimate children.

2. **"The Rule"—Permitting Witness Not Under to Testify.**

On a trial for seduction, where the rule had been invoked, a witness for defendant, who was not under the rule, heard part of the testimony of one of the most important of defendant's witnesses before she was discovered in the court room, when she was placed immediately under the rule. Objection to her testifying was sustained by the court. It appeared that her testimony would have been material; that her presence in the court room was not known to defendant or his counsel up to the time she was discovered in the court room, as stated. Held, the witness should have been permitted to testify, since the apparent infraction of the rule did not arise from any fault on the part of defendant or his counsel.

Appeal from the District Court of Lamar. Tried below before Hon. E. S. Chambers.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the seduction of Katie Hervey, an unmarried female under the age of 25 years, under a promise of marriage. The seduction is alleged to have occurred on or about the 15th day of July, 1899. The prosecutrix was delivered of a child in February, 1900.

No further statement necessary, as the opinion fully states the nature of the other important matters occurring at the trial.

*J. C. Hodges,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for seducing Katie Hervey under a promise of marriage, and given two years in the penitentiary. While prosecutrix was testifying in behalf of the State, counsel for appellant asked questions tending to show she had made statements that Henry Dodd was the father of her then unborn child, and that she would not have had appellant arrested on this charge if not forced to do so by her father and brother. These matters were denied. This was preparatory to her impeachment. She was then asked if she had not for a long time prior to the 15th of July, 1899, resided at the same house with her two sisters and her niece, Leona Battle, to which she replied in the affirmative. She was asked if she did not then associate with them generally. This she affirmed. It was then proposed to prove by her that it was a fact that while so associating with these women each of them were delivered of illegitimate children. This was ruled out on objection by the State. This evidence was offered as tending to prove the real character of the seduced female. The prosecutrix was delivered of a fully developed child in February, 1900. If she was the associate of these women at the time indicated, it would be a fact tending to show her character for want of virtue and chastity. Mrous v. State, 31 Texas Crim. Rep., 597. This evidence should have been admitted.

The rule was invoked on the trial. Appellant's counsel informed the court that some of his witnesses were absent, and the court announced they would be placed under the rule as they appeared. While Mrs. Hervey, mother of the alleged injured female, was testifying, witness Clara Hervey was discovered by appellant's counsel sitting in the courtroom. The court's attention was called to this, and she was immediately sworn, and placed under the rule. The State having closed its testimony, Clara Hervey was called, and was asked by the district attorney if she had not been sitting in the courtroom during the examination of the State's witnesses, to which she replied that she heard a portion of the testimony of Mrs. Hervey. The district attorney objected to witness testifying because she had heard part of the evidence.

The court sustained the objection, and refused to permit witness to testify. The facts proposed to be proved by this witness were independent of any facts testified to by Mrs. Hervey, and it is made to appear that the presence of the witness in the room was not known to defendant and his counsel, except as above stated. It is sufficient to state, in regard to the testimony expected to be elicited from this witness, that it was very material. Ordinarily, the admission or rejection of evidence is within the sound discretion of the court where the rule has been invoked, but this discretion should not be exercised so as to debar the accused or the State the right to introduce material facts. Especially is this true where the infraction or apparent infraction of the rule arises from no fault on the part of the party tendering the witness. We believe, under the circumstances detailed, the witness should have been permitted to testify. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*