. Sylvestre Hernandez v. The State.

### No. 3967.  Decided March 1, 1916.

**1.—Local Option—Evidence—Ill-feeling—Witness Under Rule.**

Where, upon trial of a violation of the local option law, the defendant proposed to introduce testimony showing the ill-feeling of State's witnesses against him, and the State's counsel objected because defendant's witness was not placed under the rule which had been invoked and was present in the court-room and had heard the witness testify, the same was reversible error, because such testimony was not of an impeaching character, but went to the bias, ill-feeling and ill-will and motive of the State's witnesses, and the fact that prosecuting witness was called back by defendant did not make him his witness.

**2.—Same—Colloquy Between Court and Counsel.**

Where the judgment was reversed and the cause remanded upon other grounds, it is unnecessary to pass upon the question of a colloquy between court and counsel.

Appeal from the District Court of Caldwell.   Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of a violation of a local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Munroe & Richards,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of violating the local option law, and allotted one year in the State penitentiary.

After the State had rested its case, and defendant had introduced a part of his testimony, the defendant called the witness David Hernandez, by whom he expected to prove that about a year prior to the beginning of this prosecution the prosecuting witness, Calletano Montegudo, had a difficulty with the defendant, at said prosecuting witness' house, which ended in hard feeling and unfriendliness between said witness and defendant, and subsequent about six months prior to the beginning of this prosecution this same witness had a difficulty with defendant, which ended in a row, and that said prosecuting witness has been unfriendly to and an enemy of defendant ever since that time. The purpose of this testimony was to show a bad motive on the part of the prosecuting witness in his testimony against appellant, and show bad motive also on the part of Jose Foster, brother-in-law of prosecuting witness, in testifying against appellant.   Objection was urged by the State on the ground that the witness had been in the courtroom

and had heard other witnesses testify, and had not been under the rule, and upon the ground that said witness' testimony was immaterial to any issue in the case. These objections were sustained and the witness was not permitted to testify. He would have proved these facts by the witness had he been permitted to testify, and the bill makes that clear. It will be noticed so far as the bill is concerned, it does not show as a matter of fact that witness was in the courtroom, but that is merely stated as a ground of objection. The judge qualifies this bill by stating, "On page 24, statement of facts, the witness Montegudo was recalled by defendant and by him proven that said witness and defendant had never had any trouble, and in this respect the proposed testimony of Hernandez would have been impeaching testimony of defendant's own witness." Then follows a copy of the stenographer's notes in questions and answers by the district attorney and attorney defending, which in substance shows that Mr. Lowrey, the district attorney, said he understood that witness had been in the courtroom. Appellant's counsel stated he would not testify to anything that occurred at the ball game. Mr. Lowrey then objected to .witness testifying to any material issue in the case; he had heard eight or ten other witnesses testify, and that he had been in the courtroom and not under the rule. Appellant's counsel replied that he did not know he was in the courtroom; that he is a brother of the defendant. "We didn't have him summoned and we didn't know of him being in the courtroom, and he will not testify to anything what occurred out at the ball game, but merely as to this difficulty between the defendant here and this prosecuting witness. The district attorney again stated, "Anything that is not material to the issue in this case I object to." The court sustained the objection, and ordered witness to stand aside, whereupon appellant noted this exception: "We except, your honor, with the understanding that we want to show by this witness that this difficulty did occur at this prosecuting witness' house,—with the defendant and the prosecuting witness, and that this witness was present at the time."

We think this testimony ought to have been permitted to go to the jury. If, as a matter of fact, the rule had been invoked, which is stated as a ground of objection, and this witness had been in the courtroom, and it became known to defendant that he was there and would testify to the evidence offered, he should have been permitted to do so. The statute authorizes the introduction of evidence of a material character at any time before argument has concluded. It has been held by all the authorities evidence that goes to the bias, ill-feeling and ill-will and motive of a witness is not impeaching but original testimony and of a material character. The fact that a witness was in the courtroom may make no difference if his testimony is of a material character in the due administration of justice. This was not impeaching testimony; it was original testimony, and the fact that the prosecuting witness was called back by the defendant as shown by the bill, did not constitute him defendant's witness. It was a matter for the jury to decide, but the motive, ill-will and bad feeling of a witness towards

the defendant on trial is not impeaching, but original testimony as we understand the decisions in Texas. Defendant explains that he did not know the witness was in the courtroom; that he had not had him summoned, and did not know this was a material question in the case, but as soon as he discovered the presence of the witness he sought to elicit the testimony.

There is another bill of exceptions which is set out at considerable length deemed unnecessary here to discuss, which embodies a colloquy between court and counsel and remarks of the court and counsel with reference to certain questions asked the prosecuting witness. This will not occur upon another trial, and is not further discussed.

The other matters we think have been decided adversely to appellant and it is unnecessary now to go over the questions again.

The judgment, however, will be reversed and the cause remanded.

*Reversed and remanded.*