HOMER DOBBS v. THE STATE.

No. 7522. Decided March 14, 1923.

Rehearing Denied May 23, 1923.

**1.—Aggravated Assault—Notice of Appeal—Practice on Appeal.**

Where, upon an appeal from a conviction of aggravated assault, the record contained no notice of appeal, the same must be dismissed; however, notice of appeal having been shown thereafter, the same is reinstated.

2.—Same—Witness Under Rule—Officer.

Where, upon trial of aggravated assault, defendant at the beginning of the trial requested that the witnesses be placed under the rule, and especially demanded that this include the deputy sheriff, and the court denied this request and permitted the deputy to remain in the courtroom and listen to the testimony, to afterwards impeach the testimony of a certain witness, the wife of the defendant, and it affirmatvely appeared from the records that the presence of the deputy sheriff in the court was not necessary, the same is reversible error.

3.—Same—Evidence—Contradictory Statement—Impeaching Witness.

Where the wife of the defendant testified that her husband had made no assault upon her, it was error to permit the State to impeach her testimony by another witness, there being no claim that the counsel for the State was surprised.

4.—Same—Impeaching Witness—Predicate—Hearsay.

In the absence of a predicate for impeachment of a witness it was error to permit the State to introduce testimony to impeach the first witness, and the testimony was only hearsay, and reversible error.

Appeal from the County Court of Gregg. Tried below before the Honorable John B. Ayres.

Appeal from a conviction of aggravated assault; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Hill & Ledbetter,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for aggravated assault; punishment fixed at confinement in the county jail for a period of thirty days.

The appeal cannot be entertained for the reason that the record contains no notice of appeal.

The appeal is therefore dismissed.

*Dismissed.*

ON REHEARING.

May 23, 1923.

MORROW, Presiding Judge.—The record having been perfected showing that notice of appeal has properly been given, the appeal is reinstated.

An aggravated assault is charged to have been committed upon Mrs. Homer Dobbs, she being a female and the appellant being an adult male. Mrs. Dobbs was called for the State and testified that appellant had made no assault upon her.. She claimed that she had received some injuries through an accident in the absence of the ap-

pellant; that they had subsequently had a quarrel, and while enraged at him she had called the officers.

At the beginning of the trial, in accord with Article 719, C. C. P., appellant requested that the witnesses be placed under the rule, and especially demanded that this include the witness Black, who was a deputy sheriff. The court denied this request and permitted Black to remain in the courtroom and listen to the testimony and afterwards impeach her by a contradictory statement. When Mrs. Dobbs testified that the appellant had made no assault upon her, she was asked if she had not made a certain statement to Black, and upon her denial, Black was called to testify that she had told him that the appellant had struck her and inflicted injury upon her. This method of impeaching Mrs. Dobbs was also made the subject of objection for the reason that she was a State witness and there was no claim upon the part of the State's counsel that they were surprised at her testimony and that the procedure was in effect supplying testimony by the method of impeachment.

Another witness was called who testified that Mrs. Dobbs had told him that her husband struck her on the occasion in question and that he had also *struck her at other times*. No predicate for impeachment supported this testimony, but it was admitted over the objection that it was hearsay. The testimony was not only hearsay but it put into the case the prejudicial fact that appellant had struck his wife *on several other occasions*. It was within the judicial discretion of the court to make exceptions to the rule excluding witnesses, and in the absence of abuse of this discretion, the action of the court will not be reviewed. See Smith v. State, 70 Texas Crim. App. 68. Ordinarily, it is not an abuse of discretion to excuse from the rule an officer of the court who is necessary to the transaction of its business in the conduct of the trial unless injury is shown. Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep. 345. In the instant case, there seems to have been no sufficient reason for exempting the officer from the rule. It affirmatively appears in the bill that his presence in court was not necessary to the transaction of the court's business. The testimony he gave was obviously damaging to the appellant in that it tended to supply criminative evidence which the main State's witness refused to give. The circumstances may have been such as authorized the State to impeach the witness Mrs. Dobbs by proving that she had made a statement out of court contradictory to that given in her testimony. Such impeaching statement, however, was not original evidence but was available only to affect her credibility as a witness. Floyd v. State, 29 Texas Crim. Crim. App. 356, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 164, p. 96.

The hearsay testimony to which we have referred and which was not supported by predicate for impeachment, was admitted by the court without qualification as original testimony. It was the same

in substance as the impeaching testimony given by the witness Black,
It is likely that it was all appropriated by the jury as original testi-
mony showing the guilt of the appellant.   The hearsay testimony
that was not made admissible by predicate for impeachment was
clearly improperly received and was obviously prejudicial.

The other matter mentioned, that is, excusing Black from the rule
and permitting him to support the State's case by impeaching the
State's witness was of very doubtful propriety.

Because of the hearsay testimony mentioned, the judgment is re-
versed and the cause remanded.

*Reversed and remanded.*