### H. B. SANDERS v. THE STATE.

No. 10242.    Delivered October 27, 1926.

**Playing Game With Cards—Evidence—Improperly Rejected.**

Where, on a trial for playing at a game with cards, when the evidence of the state and defendant had closed, the defendant discovered a witness in the court-room, theretofore unknown to him, of a very material character to his defense, and asked permission of the court to introduce such witness in his behalf, which request was refused by the court on the ground

that the evidence was closed and that the rule had been invoked and said witness had sat in the court room and heard the testimony. Under the facts in this case, this witness should have been permitted to testify. See Hernandez v. The State, 183 S. W. 440, and other cases cited.

Appeal from the County Court-at-Law of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction for playing at a game with cards at a place other than a private residence, penalty a fine of $1.00.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant. On refusal to permit witness to testify, cites:

Washington v. State, 218 S. W. 1043.

Brown v. State, 224 S. W. 1105.

Hernandez v. State, 183 S. W. 440.

Clayton v. State, 180 S. W. 1089.

On refusal to permit witness to testify because not under the rule, appellant cites:

Piles v. State, 32 S. W. 529.

Caviness v. State, 60 S. W. 555.

Ashwood v. State, 40 S. W. 273.

Crosslin v. State, 235 S. W. 905.

Cooper v. State, 161 S. W. 1094.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court-at-Law of Wichita County for playing a game with cards at a place other than a private residence; punishment fine of $1.00.

But one question is raised which we deem necessary to discuss. Before the argument began appellant sought permission of the court to introduce a witness who was admittedly in the court room most, if not all, of the trial but whose presence and testimony both were unknown to the appellant's counsel until after the evidence had been closed for both sides, at which time said counsel became aware of the presence and testimony of this witness. The refusal to permit this witness to testify was based on the fact that the rule had been invoked by one or both sides, and that he had been in the court room and had heard the other witnesses. It is not claimed that the witness had been subpœnæd, or that he was known, or that the fact that he would testify was known to appellant or his counsel prior to the closing of the argument.

We are constrained to believe the learned trial judge in error

in refusing to admit this testimony. The state relied for a conviction upon two officers who testified that they went into a room up over a negro cafe where there were a number of negroes congregated and, according to the testimony of one officer, appellant was sitting at a table with some others at the time of the entrance of the officers and pulled a table cover over into his lap and was later found to have cards and money, or money alone, in his hands. Neither officer testified to seeing appellant actually engaged in playing at a game. The officers arrested a number of negroes in the place, and it appears that none of those arrested were used as witnesses, presumably because they could not be so used. Appellant was relying upon his own testimony, corroborated by that of the man for whom he worked, who testified to his good reputation, and the fact that after the game in question appellant told said employer that he had been arrested for playing cards but that he was not so playing. In this state of the record the witness, who was offered by appellant, whose testimony was perfectly competent and admissible, save only for the fact that he had not been sworn and put under the rule, was most material, as he would have sworn that he was present in the room at the time appellant was arrested and knew of his own personal knowledge that appellant was not playing at any game with cards, but that another negro who somewhat resembled appellant, was the one who was playing at said game. For authorities see Hernandez v. State, 183 S. W. 440; Clayton v. State, 180 S. W. 1089; Caviness v. State, 60 S. W. 555; Eason v. State, 232 S. W. 300; Crosslin v. State, 235 S. W. 905.

Being of opinion that the court should have permitted the testimony, and that from this action of the court appellant suffered material injury, the judgment is reversed and the cause remanded.                              *Reversed and remanded.*