## ALLAN DOWNS v. THE STATE.

No. 18679.   Delivered February 24, 1937.
State's Rehearing Denied April 28, 1937.

The opinion states the case.

*Long & Strong* and *Sam T. Holt,* all of Carthage, and *Ghent Sanderford,* of Austin, for appellant.

*Wardlow Lane,* District Attorney, of Center, and *Lloyd W. Davidson,* States Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The State relied upon circumstantial evidence. Appellant was found in possession of a cow which belonged to Bernard Redmond. Mr. Redmond testified that the animal had been recently taken from its accustomed range. Appellant testified that he got the cow from Gus Booth in exchange for some furniture. Testifying for the State, Booth denied that he had traded the animal to appellant. The State also introduced a witness who gave testimony showing that appellant had made inconsistent declarations as to his acquisition of the cow.

The evidence is deemed sufficient to support a conviction for theft.

It is shown in bill of exception No. 1 that at the beginning of the trial appellant invoked the rule. The witnesses who had been summoned were sworn and required to remain out of the courtroom. Gus Booth, who had not been summoned as a witness, remained in the courtroom and heard all of the witnesses testify. In the development of the State's case in chief, witnesses for the State testified that appellant, while in possession of the stolen cow, had stated to them that he had bought her from Gus Booth. We quote from the testimony of one of the witnesses as follows:

"Allan (appellant) and myself were present there when we had that conversation. I went to talk with him with reference to the yearling and he told me he had bought the yearling and bought it from Gus Booth and had paid him with furniture. He gave me a description of this furniture that he traded to Mr. Booth. He told me that he had traded him a stove and seems like a bedstead and probably some chairs."

After the State had rested the district attorney asked permission of the court to reopen the case for the purpose of introducing Gus Booth as a witness. The request being granted, Booth took the stand and denied that he had traded the stolen animal to appellant. He admitted that he had some furniture in his possession that appellant had owned. He testified, however, that he had paid appellant six dollars for the furniture. Appellant then took the stand and testified that he had traded Booth a bedstead, mattress, cook stove, and other furniture for the stolen animal. Upon learning that Booth had remained in the courtroom and heard all the witnesses testify, appellant called the trial court's attention to the fact that the rule had

been invoked and requested that the jury be instructed to disregard the testimony of Booth. The motion was overruled.

Art. 644, C. C. P., reads as follows:

"At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the court room to some place where they can not hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."

In Branch's Ann., P. C., Sec. 344, it is said:

"The admissibility of witnesses who have violated the rule, or who have not been placed under the rule, is a matter addressed to the sound discretion of the court, and, until the contrary appears, it will be presumed on appeal that such discretion was properly exercised."

In the present instance, we think appellant's motion to exclude the testimony of the witness should have been sustained. Manifestly, counsel for the State was aware that witnesses for the State would testify that appellant had stated to them that he had acquired the stolen animal from Booth. Under the circumstances, the witness should have been placed under the rule with the other witnesses at the beginning of the trial. However, he remained in the courtroom and heard the State's witnesses testify concerning appellant's claim that he (Booth) traded the animal in question to him for furniture. The State was then permitted to call the witness to combat appellant's affirmative defense. His testimony concerned the main facts around which the controversy turned. That his testimony was calculated to injure the appellant is manifest. Under the circumstances, we are of opinion that the procedure was not conductive to a fair trial. See Freddy v. State, 229 S. W., 533, and Tinker v. State, 95 Texas Crim. Rep., 143.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE (dissenting).—This case is being reversed upon the sole ground of abuse of his discretion by the trial court in refusing to strike out the testimony of witness Booth, after it had been admitted without objection, under circumstances clearly demonstrating that, if there was possible ground of objection,—same was known to appellant at the

time the testimony was introduced, and no specific objection was made known in the motion to exclude, which embraced much testimony given by the witness clearly admissible. I can not agree to such reversal, and must record my dissent.

That what I have said is true, and not just my opinion,—will appear from a recital of the following facts: Booth and appellant were jointly indicted for the offense here involved. When the case was called for trial each asked a severance. The court granted same and put appellant to trial. Appellant asked the rule as to witnesses. Those called were sworn and put under the rule. Booth,—naturally was not called,—was not sworn, and,—at least for a part of the time while the State's testimony was being introduced,—he was in the court room. Whose testimony he heard and what he heard, was never developed.

When the State rested its case appellant's counsel asked for time for consultation. When they came back, what occurred is here quoted from the uncontested qualification of the court to appellant's bill of exceptions No. 1:

"The district attorney informed the court that he wished to offer Gus Booth as a witness; the court inquired of the district attorney whether he wished to re-open the case, and he replied in the affirmative, and the court indicated that he might do so, whereupon the defendant's attorneys stated: To which we except, and note our exception, and no other objection was then made. The witness testified on both direct, and cross examination."

No bill of exceptions was taken to Booth's testimony. The court adjourned for the noon recess. When court reconvened defense counsel had Booth recalled, and had him testify as follows:

"I was testifying just before noon in this case, I was on the stand just before dinner. Before I took the stand I had been sitting back there in the court room, and heard the other witnesses testify. I think I might have been in here a little bit."

The jury were not retired. Booth was not asked either in or out of the presence of the jury if he heard any witness testify to any statement made by appellant in effect that he traded furniture to Booth for the alleged stolen animal. The qualification to the bill above quoted sets out what was said, and all that was then said. At this point one of defense counsel said:

"As far as I am concerned, if the court please, I did not know that Mr. Booth was in the court room and heard the testimony, and we had asked for the rule, which was invoked, and we think the jury ought to be instructed not to consider his testimony."

Other counsel for the defense were present but made no statement,—nor did appellant himself,—regarding their knowledge of the presence of Booth in the court room during the morning. Booth was not asked how much testimony he heard, nor what he heard any witness say. Said witness and appellant were well known to each other.

No effort was made to find out when Booth or some one for him disclosed to the State his willingness to waive his right not to testify. The motion to exclude Booth's testimony was overruled under the circumstances and upon the facts above set out.

Booth's testimony deemed objectionable is not even set out in the motion to exclude same; nor in the bill of exceptions taken to the refusal of the court to exclude. All this makes the reversal,—for the reason above stated,—without precedent and against all precedents.

I might here further add,—so as that what discussion I indulge may be applied to the whole case,—that in appellant's fourth bill of exceptions he sets out Booth's testimony on direct examination and wholly leaves out of the bill more than two pages of the cross-examination of the witness, which bill he presents to the court and asks the court to approve as presenting his objection to the testimony, but the court appends to said bill the same qualification as is appended to bill of exceptions No. 1, which plainly shows that no objection was made to the testimony of the witness.

Reference to said bill of exceptions shows that the major part of Booth's testimony consisted of matters about which no other witness had given testimony, and which testimony was inherently material to the State's case. I observe that no separate motion was made to exclude those parts of Booth's testimony claimed to be related to what may have taken place between Booth and appellant. Statements concerning what appellant had told witnesses about having traded for the alleged stolen animal from Booth had been made by two State witnesses on their cross-examination. Manifestly this makes clear the reason why appellant did not bring forward any bill of exceptions complaining of Booth's testimony on cross-examination relative to what these witnesses had testified concerning

the trade mentioned. Booth was not even asked, when he was recalled, if he had heard the testimony of these two witnesses; nor if he understood what either one of them said, nor was any attempt made to show that Booth heard these particular witnesses or any part of their testimony.

There was not the slightest effort made to show that the State knew, before it rested its case, that Booth would testify. Whether Booth's attorney became incensed at the effort made by defense counsel through their cross-examination of the two witnesses referred to to lay the alleged theft on Booth, and himself went to the State's attorney and told him that Booth would testify,—or whether some one asked Booth, during the intermission, if he had traded the alleged stolen animal to appellant for furniture, to which he replied that he did not and would so testify,—is all left wholly to conjecture.

All we do know is that after Booth had been called and sworn, without objection, he gave material testimony for the State wholly aside from any question as to having traded the said animal for furniture; that he was cross-examined at length, and that some hours later he was recalled by the defense, at which time he stated as I have above quoted, and then without further inquiry or proof as to what Booth heard, and without asking the retirement of the jury in order that said matter might be investigated,—and without inquiry or proof as to whether appellant himself and his other counsel were aware of the fact that Booth was in the court room during the morning,—appellant made a blanket motion to exclude all of Booth's testimony, which the court refused, and which the majority of the court now hold was an abuse of the discretion of the trial court of such gravity as to call for a reversal.

The books are full of cases applicable, beginning in our early history and coming down to date. In Jones v. State, 3 Texas Crim. App., 152, it is said that the object of the rule is to prevent one witness from being influenced by what another witness may testify to in the presence of witness No. 1. In Ham v. State, 4 Texas Crim. App., 673, discussing a case where a witness who had violated the rule had been permitted to testify, this court said:

"The manner in which witnesses are to be examined must, in general, be left to the discretion of the court; and it is believed that the discretion thus confided to the court was intended not to be a subject of revision by the appellate court,

unless it be made to appear that the discretion has been abused to defeat the ends of justice."

The same thing is perhaps better stated in Estep v. State, 9 Texas Crim. App., 366, in which Judge Winkler says:

"The question is one of practice, and, being so largely in the discretion and under the control of the presiding judge, this court declines to interfere, unless in a case where it is made clearly to appear, which is not done in the case before us, that the court had abused its discretion to the prejudice of the party to be affected by the ruling. Shields v. State, 8 Texas Crim. App. 427; Walling v. State, 7 Texas Crim. App. 625; Ham v. State, 4 Texas Crim. App. 645, and authorities there cited; Jones v. State, 3 Texas Crim. App. 150."

This court has reversed cases in which testimony was excluded by the court below for what was deemed a violation of the rule, but not shown clearly to have been a wilful violation thereof, where the testimony was of such character as to materially affect the cause of the accused by its exclusion. See Ashwood v. State, 37 Texas Crim. Rep., 550; Caviness v. State, 42 Texas Crim. Rep., 420; Clayton v. State, 78 Texas Crim. Rep., 158; Hernandez v. State, 79 Texas Crim. Rep., 182; Sanders v. State, 105 Texas Crim. Rep., 266. We see no reason why we should give to the accused greater consideration in our rulings upon such matter than to the State. In Bishop v. State, 194 S. W. Rep., 389, Judge Morrow says as follows:

"Thus persons assisting in the prosecution or defense and parties to the suit are among those who are exempt, and it happens at times that some witness or witnesses are discovered after the trial begins or by inadvertence overlooked at the beginning of the trial, and who from these and other causes have heard some of the testimony, and it has been generally held that in determining the circumstances under which such witnesses may or may not testify the court may exercise a judicial discretion, which will not be reviewed in the absence of its abuse. Vernon's Ann. C. C. P., Art. 719, and cases cited."

In Cooper v. State, 72 Texas Crim. Rep., 250, witnesses were present in the court room and heard the testimony of other witnesses after the rule had been invoked,—the State's attorney not knowing at the time that such parties could be used as witnesses, but after adjournment of first half day of trial he discovered that fact and had the witnesses sworn and put under the rule. This court held this no abuse of the

court's discretion in allowing the witnesses to testify. In Crosslin v. State, 90 Texas Crim. Rep., 467, where the prosecutrix testified to about fifty acts of intercourse with the accused, and after she had testified the State was required to elect as to a certain date,—it then became important to use the wife of the appellant, who had been in the court room, and she was then put under the rule. It was held in an opinion by Presiding Judge Morrow that her use as such witness was not error,—it not being presumed that she was designedly allowed to remain in the court room. In Mr. Vernon's notes, subdiv. 3, Art. 644, C. C. P., 1925, is this statement: "It is discretionary with the court to permit one who has remained in the court room during the trial, to testify." Miller v. State, 36 Texas Crim. Rep., 47; Powell v. State, 36 Texas Crim. Rep., 377; Cook v. State, 30 Texas Crim. Rep., 607; Blackwell v. State, 29 Texas Crim. App., 194; Baldwin v. State, 39 Texas Crim. Rep., 245; Rummel v. State, 22 Texas Crim. App., 558; Thomas v. State, 33 Texas Crim. Rep., 607; and Woods v. State, 68 Texas Crim. Rep., 105, are cited in support of the text.

In Vickers v. State, 92 Texas Crim. Rep., 182, a witness whose name was not called and who stayed in the court room, was permitted to testify, though the rule had been invoked. It was held, in the absence of a showing that in so doing the court abused his discretion, this was not ground for reversal. Excusing witness from the rule is discretionary, and this is not reviewable in the absence of showing of abuse, is held in Dobbs v. State, 94 Texas Crim. Rep., 398. Permitting witness to testify who was present during part of taking of testimony, and who was afterwards discovered and used, held not an abuse of discretion. See Forrester v. State, 95 Texas Crim. Rep., 62.

That the action of the court in excusing witnesses is largely discretionary, and will not be reviewed unless shown to be clearly an abuse. Knighton v. State, 100 Texas Crim. Rep., 516. Again Mr. Vernon in note 5, of the same article above referred to, says that it is within the discretion of the court to permit a witness to testify who has not been placed under the rule,—some twenty or more cases being cited upholding the text.

In Hernandez v. State, 79 Texas Crim. Rep., 182, we held it reversibly erroneous to refuse to let a witness testify, though he was in the court room in violation of the rule,—where the

defendant did not know of his presence, or his testimony, but had him called as soon as he discovered it. This is identical with the question under discussion, save that in that case the court refused to let the witness testify, and in the instant case he allowed him to testify. Whether a witness, who has been in the court room while under the rule, should be allowed to testify, is for the trial court. See Wagley v. State, 87 Texas Crim. Rep., 504; Fitzgerald v. State, 82 Texas Crim. Rep., 130; Shamblin v. State, 88 Texas Crim. Rep., 589. That a witness summoned after trial began, who comes into court room and remains some hours without knowledge of any person connected with the case, is allowed to testify, is not an abuse of the court's discretion. See Eason v. State, 89 Texas Crim. Rep., 638. In Townsley v. State, 103 Texas Crim. Rep., 508, appears the following:

"Complaint is made in bill number 15 of the action of the court in permitting the State to use one Sharp as a witness, upon the ground that the 'rule' had been invoked and Sharp had been in the court room and heard some of the other witnesses testify. An investigation of the matter developed that Sharp had not been summoned as a witness. It appears not to have been known to either party that he knew any facts relative to the case until some witness on a previous day had mentioned his name, whereupon appellant's counsel remarked that he desired Sharp as a witness. He was summoned and appeared in court the next morning. The bill reveals no abuse of discretion upon the part of the court in permitting the testimony of said witness to go to the jury."

The opinion was by Judge Hawkins. In Shield v. State, 118 Texas Crim. Rep., 509, speaking through Judge Christian, we said:

"A wide discretion is vested in the trial judge in regard to the application and extent of the application of the 'rule'. The exercise of this discretion will not be revised on appeal except in clear cases of abuse. Section 344, Branch's Annotated Texas Penal Code; Blackwell v. State, 29 Texas Crim. App. 194, 15 S. W. 597. In Section 344, Branch's Annotated Penal Code of Texas, the rule is further stated as follows: 'The admissibility of witnesses who have violated the rule, or who have not been placed under the rule is a matter addressed to the sound discretion of the court, and, until the contrary appears, it will be presumed on appeal that such discretion was properly exercised.'"

Again, later in the same opinion we said:

"It is not shown in the bill of exception or in the record that the witness heard any other witness testify on the point to which he was called to testify. Where a witness has been in the court while other witnesses testified, or by some omission has not been placed under the rule, ordinarily the trial court may permit him to testify where the other witnesses did not testify on the same point to which he is called to testify. Branch's Annotated Penal Code, sec. 344; Cooper v. State, 72 Texas Crim. Rep. 250, 161 S. W. 1096; Cook v. State, 30 Texas Crim. Rep. 607, 18 S. W. 412. We find no abuse of discretion on the part of the trial court in permitting the witness to testify."

Again in Williams v. State, 121 Texas Crim. Rep., 458, we said: "The discretion of trial courts in the enforcement of the rule is a matter with which the appellate courts rarely interfere, and only in cases of manifested abuse."

To reverse this case we must assume that Booth heard the witnesses testify on some point in regard to which he was called to testify,—there being an utter absence of such showing. We must transgress the rule requiring him who asserts error, to show that it occurred. We must lay aside the decisions uniformly holding that a blanket exception will not be held good when part of the testimony is admissible, a rule equally good when applied to a blanket motion to exclude. We must override, without overruling, all our precedents holding that the discretion belonging rightfully to trial courts must be respected and upheld until manifest abuse appears.

I cannot agree to all this or any of it. Neither side asked that this witness be put under the rule. There was no transgression. When discovered by means undisclosed,—the State did not then tell the witness to sit quietly and hear the defense witnesses and then testify. On the contrary, he was promptly called as soon as discovered. There was no collusion. He testified and was cross-examined. There was no exception. When recalled in afternoon and asked if he had not been in the court room that morning, he answered in the affirmative. There was no evasion or falsehood. He said he heard the witnesses testify. The writer in common with his fellows has heard many men speak, of whose speech he heard but little,—and who could truthfully say he heard these men speak, but if pressed be compelled to admit he heard little of what they said. Appellant's counsel made no effort to ascertain from the

witness what he heard from any witness. For purposes of their bill no retirement of the jury was asked, and no inquiry made as to what witness heard from anyone. There was no investigation. A motion was made, all inclusive, that all the witness testified to be excluded. There was no specification. Most of what the witness had testified to was matter known only to him, and was unaffected by and unrelated to what any other witness had sworn. This, under no circumstances, should have been excluded.

All these facts with others not mentioned were within the knowledge of the trial judge, who must have thought himself so clearly within his discretion in declining the motion, as to have no doubt in his own mind as to the correctness of his action.

So believing I respectfully record my dissent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State by her District Attorney who prosecuted this case has filed a motion for rehearing challenging the correctness of our original opinion. Because the members of the court were not in accord in the matter the question was given thorough consideration before our opinion was released.

Doubtless such a showing may have been made when the question arose as to excluding Booth's testimony as would have removed any doubt as to the propriety of the court's action. It is to be regretted if such condition did exist that it was not made a matter of record and brought forward in the bill. See Townsley v. State, 103 Texas Crim. Rep., 508, 281 S. W., 1054.

The motion for rehearing is overruled.

*Overruled.*