BLUITT HAMPTON V. THE STATE.

No. 20,612. Delivered November 29, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is death.

The State's testimony shows that on Saturday night of August 21, 1938, appellant without cause or provocation stabbed his wife in the chest with an ice pick while she was sitting in an automobile. He then carried her down the street toward their home. On the way he knocked her down two or three times while she begged for mercy. He took her into an enclosed field of about three or four acres, where he left her without summoning medical aid. About 4 a. m. he told his mother that he had found his wife dead in the enclosure near the T. & P. R. R. The matter was reported to the police department, who arrested appellant. The undertaker who prepared the body for burial found a wound in her chest which punctured her heart. This wound was about 2½ inches deep and was made with an instrument somewhat smaller than a pencil. He also found a fractured skull. Appellant denied that he inflicted any of the wounds found on her body. He said that he and some parties were at a truck talking and that he left them and went to a beer tavern; that when he returned he inquired as to the whereabouts of his wife and someone told him that she had gone away with another man. That he then went to look for her and about 3:30 or 4 a. m. found her dead in the weeds in the enclosure.

The indictment contained two counts, the first alleging that appellant killed the deceased by striking her with some blunt instrument and the second charging that he killed her by cutting and stabbing her with an ice pick. It appears from the record that the cause was, on a former trial, submitted to the jury on the second count, which was tantamount to an election. The trial court granted him a new trial from a conviction based on this second count alleging that he killed the deceased by means of an ice pick. Appellant on this trial filed a plea of former jeopardy as to the first count, which plea was sustained. Consequently, the State was required to prove the allegations in the second count to sustain a conviction. It is appellant's contention that the State has failed in its proof because there were two distinct wounds on her body, one being a fractured skull and the other a stab wound in the chest, apparently made with an ice pick or some similar instrument; that the evidence fails to show beyond a reasonable doubt that the deceased died as a result of the wound made by an ice pick rather than as a result of the fractured skull. We cannot agree with his contention. The evidence shows that appellant had an ice pick in his hand at the time the deceased cried out that he had stabbed her. After this appellant would not allow friends to take her to the hospital, but carried her down the street with his left arm around her, striking her and knocking her down several times. During all this time she cried for mercy until they passed Will Bate's home, at which time she quit screaming. It might have been believed that she died at this time. There is no testimony as to when the skull was fractured, whether before or after her death, nor is there any evidence that death would have resulted so soon from this fracture, or that such a fracture of the skull could have been the cause of her death. We are not in a position to say as a matter of law that the fracture and not the stab wound was the cause of her death. The careful judge who presided at the trial of this case instructed the jury that if they believed from the evidence or had a reasonable doubt thereof that the death of Clara Hampton was the result of a fractured skull, if any, or from any other cause or combination of causes, if any, other than by cutting and stabbing her with an ice pick, then to acquit him. We think the facts and circumstances were adequate to allow the jury to conclude that appellant killed his wife with an ice pick. It is common knowledge that an ice pick tapers to a fine point; consequently the puncture in the heart was small and this was proved by the testimony of the undertaker. As a result the blood probably leaked out very slowly,

and it is not inconceivable that the deceased under such circumstances might have been half pulled, half carried, several blocks or more before expiring. We also believe that there is ample evidence to support the jury's conclusion that the death resulted from the wound made with an ice pick as charged in the indictment. While it is true, as pointed out by appellant in his brief, that the witnesses who testified that appellant had an ice pick in his hand at the time the deceased cried that someone had stabbed her were impeached, the weight to be given their testimony was still a question for the jury. See Dobbs v. State, 94 Tex. Cr. R. 398, 251 S. W. 1057; Branch's Ann. P. C. pages 106 to 110.

Bills numbers two, three and four complain of testimony showing the approximate weight and size of the deceased. The only objection urged to such testimony was that it was immaterial. Furthermore the undertaker testified to the same effect without objection. When evidence is admitted without objection which is similar or of like character as that objected to, no reversible error is shown. See Sparkman v. State, 82 S. W. (2d), 972; Enix v. State, 112 Tex. Crim. Rep., 376 and authorities cited. Bill number five is without merit for the same reasons. Appellant objected to one of the State's witnesses being allowed to state, over his objection, that it was his opinion that appellant was drinking on the night in question. Appellant elicited this same information from one of his own witnesses, Sam Redman. Bill number six is without merit. Appellant's objection that the question was leading was sustained. The testimony complained of in bill numbers seven and eight is qualified by the trial court and as qualified fail to reveal error.

Appellant, by bill of exception number nine, insists that the trial court erred in allowing the State's witness, Johns, to testify that he had formerly talked to the officers about the killing and had told them that he saw an ice pick in appellant's hand. His only objection to this testimony, according to the court's qualification, was that it was immaterial. The bill, as qualified by the trial court, fails to reveal error.

Bill of exception number eleven recites that the State asked the defendant if he knew any reason why certain State's witnesses would have testified as they did if it were not true. Appellant replied that practically all these witnesses belonged to a syndicate which had a grudge against him. We fail to see how this matter harmed appellant. Moreover the jury had a

right to hear testimony concerning any ill will against the defendant on the part of the witnesses, and such matter would appear to be more beneficial to him than otherwise.

Appellant urged a number of objections to the court's charge. We have carefully reviewed the charge in the light of the objections and reached the conclusion that it is not subject to the criticisms addressed thereto. The instruction on the law of aggravated assault could not have prejudicially affected him since the jury found him guilty of murder with malice.

In view of the extreme penalty, we have carefully examined each of appellant's contentions, but in none of them is any error revealed which would justify us in reversing the case.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Commendable as is able counsel's earnest motion for rehearing in this case, we are unable to find that error in the original opinion has been shown. We have re-considered all of the errors complained of in said motion and believe that they were thoroughly discussed and properly disposed of in the original opinion. No new matter has been brought to our attention which would call for any additional discussion of the facts of the case or the law involved.

The motion for rehearing is overruled.