DAN NIXON V. STATE

No. 29,192. January 8, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) February 19, 1958.

*James L. Drought, James Gillespie, Fred A. Semaan, A. A.*

*Semaan,* and *Schlesinger, Goodstein & Semaan,* all of San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder, with punishment assessed at death.

The evidence is undisputed that the appellant killed the deceased by shooting her with a gun.

The deceased was appellant's wife.

Appellant by his own testimony and that of witnesses called by him, raised the issue of temporary insanity, produced by the recent use of intoxicating liquor or narcotic drugs, in mitigation of the penalty.

As a witness in his own behalf, appellant testified that from the beginning of their married life in 1949 he and his wife started having trouble over her failure to properly prepare the meals, care for the home, and her excessive drinking; that on many occasions she would become intoxicated both in and away from home.

In describing the events leading up to the shooting appellant testified that on Wednesday before the killing on Friday he came home and found his wife in an intoxicated condition and that he went to an ice house nearby where he was told by one Jim Mussey that his wife was running around with other men and had committed oral sodomy upon another man. Appellant testified that he was shocked by such information and then described in detail his actions thereafter up to the time of the killing in his effort to lay a trap for his wife for the purpose of securing a divorce from her.

Appellant testified that on Thursday, around midnight, after he had drunk some beer he went into the kitchen and took all of the sleeping pills he had in a bottle, thinking they would take his life; that he went to bed around 3:00 a.m., got up at 7:00 a.m., and later that morning went to see a private detective about his wife's conduct. He testified that he returned home around 2:00 p.m. and in conversation with his wife told her that he had

found out that she had been "running around on him" and had been going out with a man and committed sodomy upon him and when asked if it was true his wife said, "Yes, so what," and that he remembered the gun in his hand and the fire coming out of it and calling that he had shot his wife. Appellant further testified that he did not intend to kill his wife and was not in his right mind by reason of the drugs he had taken the night before.

The evidence reflects that the pills which the appellant testified he took the night before the killing was Teldrin capsules, which are classified as one of the antihistamine drugs. It was further shown that appellant had secured the capsules upon the prescription of Dr. C. E. Lehmann, which prescription called for eighteen of the capsules.

Under the facts stated, it is apparent that appellant's sole contention before the jury was that he was not guilty of a malicious or premeditated killing. He made no effort to justify or to excuse his crime. He did not seek an outright discharge or a verdict of not guilty at the hands of the jury.

As a part of and in connection with his defense, appellant called as a witness Fred A. Semaan, an attorney of the San Antonio Bar, and offered to prove by him certain of his (appellant's) statements and acts and his conduct after the killing.

The trial court heard the witness' testimony in the absence of the jury, and that testimony is before us.

It would serve no useful purpose to detail the testimony. It is deemed sufficient to say that it supports appellant's defense of temporary insanity and his contention that his mind was incapable of cool reflection at the time of the killing and that the killing occurred while he was in that frame of mind.

Semaan's testimony was a part of the chain of facts and circumstances upon which appellant relies to establish his defense.

Semaan was not subpoenaed as a witness in the case until the last day of the trial. He was never placed under the rule with the other witnesses, nor does it appear that any request was made that he be placed under the rule along with the other witnesses. So far as this record reflects, the first time Semaan was referred to as a witness was when he was called upon to testify. He had been in and around the courtroom during the trial of the case and had heard some of the witnesses testify.

The state objected to the testimony because the rule had been invoked by the trial court—that is, the witnesses had been ordered to remain outside the courtroom in order that they might not hear the testimony of the other witnesses, but the witness Semaan had been in the courtroom and had heard some of the testimony in the case.

That objection was sustained, and the testimony of the witness was refused.

We recognize that there exists, here, some basis for disposing of the question presented upon the proposition that Semaan was a practicing attorney and an officer of the court and was therefore exempt from the rule, as appellant contended. We prefer, however, to base our decision upon the broad question as to whether this record reflects an abuse by the trial court of the discretion lodged in him over such matters.

We are constrained to agree that in refusing to permit the testimony the trial court abused his discretion and the due administration of justice cannot be preserved and maintained by sustaining the trial court's ruling, especially in view of the fact that the extreme penalty of death was assessed.

In support of that conclusion, we refer to the cases of Sanders v. State, 105 Texas Cr. Rep. 266, 288 S.W. 200; Hernandez v. State, 79 Texas Cr. Rep. 182, 183 S.W. 440; Crosslin v. State, 90 Texas Cr. Rep. 467, 235 S.W. 905; Caviness v. State, 42 Texas Cr. Rep. 420, 60 S.W. 555; Barnes v. State, 135 Texas Cr. Rep. 111, 117 S.W. 2d 441.

The judgment is reversed and the cause is remanded.