Oscar Gonzales FRANCO, Appellant,

v.

The STATE of Texas, Appellee.

No. 45905.

Court of Criminal Appeals of Texas.

March 21, 1973.

Thomas Rocha, Jr., San Antonio, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment, five (5) years.

The State's evidence reflected that at the time of appellant's arrest he was in an automobile with Julia and Joe Martinez. No contraband was found on appellant's person or in the automobile in which the three were riding and which appellant was driving. A "strip search" of Julia revealed both heroin and marihuana concealed on her person. Appellant's guilt was submitted to the jury on the law of principals.

Appellant testified that he met Julia and her husband at a hospital in Odessa and drove them to Midland, at their request, where the three were arrested as they entered the city. He stated that no narcotics were found on his person or in the automobile and that he knew of none until after he learned that the officers had found the same on Julia's person.

Appellant also called Julia Martinez who refused to testify, claiming her privilege against self-incrimination.

Appellant's first contention is that since Julia Martinez had plead guilty to the possession of heroin arising out of the same incident she was immune from further prosecution and should not have been permitted to claim the privilege.

We agree.

Prior to trial the State filed a motion in limine alleging that appellant had been arrested with Julia and Joe Martinez who had been charged, indicted, tried and convicted for possession of heroin. The motion continues that the State has been informed that if Julia is called as a witness she will invoke her privilege against self-incrimination which would result in prejudicial inferences to the State. The motion prayed for a hearing to determine if she would be a witness.

At that hearing, outside the presence of the jury, Julia Martinez testified that she and her husband, Joe, were in Odessa on the day in question and asked appellant to drive their automobile to Midland. She testified that she was in possession of heroin concealed upon her person at that time and that appellant knew nothing of the contraband until after they were arrested and searched.[1]

At the conclusion of the hearing there was a discussion of whether or not the witness should be permitted to claim the Fifth Amendment in the jury's presence. The court concluded with this observation: "I think you can summons her and ask her, and she can take the Fifth."

The jury returned to the courtroom and the court sustained the State's motion to dismiss the witness after she declined to testify.

It is clear, on the basis of the State's admission in the motion in limine and the testimony of her attorney that Julia Martinez had been convicted on the possession charge. She could, therefore, no longer claim her privilege.[2]

In the recent case of Cherb v. State, 472 S.W.2d 273, 277, we said:

"   .   .   .   Brawner had no privilege to claim, as he had already pled guilty to the offense. United States v. Hoffman, 385 F.2d 501 (7 Cir., 1967)."

If Julia had no privilege to claim since she had already plead guilty to this offense, the trial court was clearly in error in permitting her to claim the Fifth Amendment.

The State's brief contends, among other things, that reversible error is not shown because Julia's testimony, had it been permitted, was cumulative of appellant's testimony. Recently in Braswell v. Wain-

wright, 463 F.2d 1148, the Fifth Circuit Court of Appeals held that Braswell was entitled to a new trial because he had been deprived of the testimony of one Rogers who was his only corroborating witness to support his testimony claiming self-defense. There the court said:

"Under the particular and extraordinary circumstances presented here the exclusion of Braswell's sole corroborating witness denied Braswell his sixth amendment right, and rendered his trial fundamentally unfair."

See also Nixon v. State, 165 Tex.Cr.R. 602, 309 S.W.2d 454.

Nowhere in the State's brief do we find that they question the fact that appellant was deprived of the testimony of Julia Martinez nor do they question the fact that her testimony, if permitted to be given, would have been the sole corroborating testimony in support of appellant's defense.

For the error stated the judgment is reversed and the cause remanded.

---

1. Julia Martinez waived her "privilege" by testifying.

2. No prosecution against her for the marihuana could have been maintained after she had been convicted for the heroin. Jones v. State, Tex.Cr.App., 482 S.W.2d 194.