### SOUTH POOL v. THE STATE.

*No. 1207. Decided October 30th, 1895.*

**Practice on Appeal—Statement of Facts.**

Where a statement of facts is not a part of the record, and no legal excuse offered why it is not, and the record shows no request for time after adjournment of lower court, in which to file a statement of facts, a motion asking the privilege of submitting a statement of facts as they appeared on the trial, unaccompanied by affidavit or other legal showing, will not be granted on appeal.

APPEAL from the District Court of Grayson. Tried below before Hon. DON A. BLISS.

Appellant was convicted of theft from the person, and punishment assessed at seven years' confinement in the penitentiary.

No statement necessary.

*H. B. Millner*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is from a conviction for theft from the person, seven years' confinement in the pentitentiary being assessed as the punishment. A statement of the facts is not incorporated in the record, and no legal excuse offered why it is not done. There is a motion made in this court by counsel "to grant the privilege of submitting a statement of facts as they appeared on the trial." This motion is unaccompanied by affidavit or other legal showing why the said statement is not in the record, and no reason, as required by law, given why

a statement of the evidence was not filed in the court below. The motion filed by counsel is not sworn to, and, if taken as true and considered, shows an utter want of diligence to secure said statement of facts. This matter has been so often before the court that we deem it unnecessary to discuss it, and here refer to the statute and authorities: Act 1887, Art. 1379a; George v. State, 25 Tex. Crim. App., 229; Spencer v. State, 25 Tex. Crim. App., 585; Farris v. State, 26 Tex. Crim. App., 105; Aistrop v. State, 31 Tex. Crim. Rep., 467; Kutch v. State, 32 Tex. Crim. Rep. 184; Hutchins v. State, 33 Tex. Crim. Rep., 298. The record does not even show a request for time, after adjournment of court, in which to prepare and file said statement; and the motion states reasons calling for diligence, known to defendant long prior to such adjournment. There are no errors assigned, and the grounds of the motion for a new trial cannot be reviewed in the absence of the testimony. The judgment is affirmed.

*Affirmed.*