JOHN ASHWOOD v. THE STATE.

*No. 1241.   Decided April 21st, 1897.*

**Murder—Testimony of a Witness Who had not Been Placed Under the Rule.**

On a trial for murder, where "the rule" had been invoked as to the witnesses, it was error for the court to exclude the testimony of a material witness for the defense where it appeared that the witness' presence in the court room during the examination of some of the witnesses was accidental and through no connivance with defendant or his attorneys, and that, as soon as his presence in the court room was ascertained, he was retired by defendant's attorneys.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for murder in the second degree; penalty, seventeen years' imprisonment in the penitentiary.

No statement necessary.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for the term of seventeen years; hence this appeal. There is but one bill of exceptions reserved in the record, and that is to the action of the court in refusing to permit the appellant's witness, Will Ashwood, to testify in the case. It appears that the witnesses for the State and the defendant were placed under the rule—at whose instance, the bill does not state. Will Ashwood was not placed under the rule. Appellant explains this omission by a statement to the effect that all of his witnesses were brought into court by process, except said witness, who was a brother of the appellant, and he had agreed to and did attend vol-

untarily, and that in giving the names of the witnesses to be placed under the rule the name of said Will Ashwood was omitted; that during the progress of the trial, as soon as it was discovered that he was in the court room, appellant's counsel had him retired. It is contended that his testimony is material, and that the appellant offered to prove by said witness that he was present at the time of the shooting, when his brother, John Ashwood, killed Judge Clemons; that he was standing near the defendant, where he could see the deceased; and that deceased had started towards the defendant, around the corner of the table, with an open knife in his hand, when the defendant shot. The court, explaining his action in this bill, states "that Will Ashwood, the witness, was present in the court room during all of the testimony of the witnesses, Blum, Easter, Mary Carr, Watt Leake, John Jefferson and Gus Raley, and while they were delivering their testimony." This, we take it, in connection with the statement contained in the bill, is the reason of the court for rejecting the testimony of said witness. We have examined the statement of facts, and it occurs to us that the rejected testimony was upon a material and important issue in the case. The defense set up by the defendant was that, at the time he shot and killed deceased, deceased was then making a demonstration against him of a character calculated to put him in fear of his life or serious bodily injury; and on this issue defendant offered some testimony tending to show that deceased had an open knife in his hand at the time he was killed. The defendant himself testified that at the beginning of the altercation he was standing on one side of the crap table, and the deceased on the other; that the deceased started towards him with his hand in his pocket, and had got around the corner of the crap table when he shot and killed him. Watt Leake, one of the State's witnesses, testified that deceased was in the room, and came up to the crap table, and put one leg on it, and partly sat down, and commenced to jab his knife into the table, and said: "There is a son-of-a-bitch here tonight that I am going to make run his ankles hot," and just then the defendant came in, and deceased said: "There is the son-of-a-bitch now." And he states that just before the shot was fired the deceased started around the table, but witness did not see anything in his hand. The testimony shows that an open knife of the deceased was found near him when he fell. Now, it would appear that, on the issue of self-defense, said testimony was material on behalf of the defendant. Moreover, if defendant was not entitled to the benefit of self-defense, on the theory that he fought voluntarily and willingly, said testimony would be material in mitigation of the penalty which the jury might assess against defendant. Unquestionably, an inspection of the testimony shows the materiality of said evidence. The question then remains, did the court act properly in excluding the evidence?—that is, do the facts and circumstances show that the exercise of his discretion was calculated to, and probably did, injure the defendant? it being conceded that the matter of permitting witnesses to testify who have not been placed under the rule, or who, having

been placed under the rule, have violated the same, is greatly within the discretion of the trial court.    See, Piles v. State (Tex. Crim. App.), 32 S. W. Rep., 529; Turner v. State, Id., 700.    If there was any suggestion in the record that the appellant or his attorneys were speculating on the action of the court in the premises, and intentionally had the witness remain in court during a portion of the trial, and while the witnesses were being examined, for the purpose of hearing their testimony, so as to shape his own, then, undoubtedly, it would be the duty of the court to exclude the testimony when offered.    But this record contains no such suggestion.    It indicates, perhaps not emphatically, but by strong inference, that the fact that the witness remained in court during the examination of some of the witnesses was purely accidental, and that as sood as discovered the witness was retired.    We cannot say, under the circumstances of this case, that appellant or his counsel were lacking in diligence in this matter; much less, that he or they were conniving at the witness remaining in court.    We therefore hold that the witness should have been permitted to testify by the court, and for the error of the court in refusing to allow his testimony to be introduced the judgment is reversed and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.