## J. S. CROSSLIN v. THE STATE.

No. 6273. Decided December 21, 1921.

**1.—Rape—Evidence—Other Acts of Intercourse.**

Where, upon trial of statutory rape, defendant objected to proof of more than one act of intercourse on the ground that it was violative of the rule

forbidding proof against one accused of crime of other independent offenses, but the record showed that the testimony of prosecutrix was controverted by the defendant's evidence, denying any sexual relations, etc., there was no error in admitting said testimony to the various antecedent acts of intercourse with the defendant. Following Skidmore v. State, 57 Texas Crim. Rep., 502, and other cases.

### 2.—Same—Date of Offense—Separate Offenses—Election by States.

Where, upon trial of statutory rape, the indictment alleged that it occurred about the first of November, 1919, it was the State's privilege to found its prosecution upon any such act of defendant and the prosecutrix within twelve months next preceding the filing of the indictment. However, the State could only convict but for one offense—and it was defendant's right to have the prosecution elect the transaction upon which it would seek to convict him. Following Bader v. State, 57 Texas Crim. Rep., 294, and other cases.

### 3.—Same—Election by State—Time of Election—Rule Stated.

Where, upon trial of statutory rape, the State proved some fifty different acts of sexual intercourse not barred by limitation, and the defendant sought to bring the State to elect as to which offense it based a conviction upon, and the court refused it, but notified the defendant, after the close of his evidence, that the jury would be instructed that the State would rely upon a certain act of intercourse for a conviction, this was reversible error. Following Lunn v. State, 44 Texas, 87, and other cases, as the State should have been required, in the instant case, to make an election at the close of its testimony.

### 4.—Same—Evidence—Husband and Wife—Witness Under Rule.

While the trial judge has discretion to allow or refuse the testimony of a particular witness who has not been under the rule, yet this right is not absolute, and where upon trial of statutory rape defendant's wife was not placed under the rule, and was not allowed to testify, but the record on appeal showed that at the time the wife's testimony was offered defendant was under the disadvantage of ignorance of the State's contention with reference to selecting the particular transaction upon which it would seek a conviction, the same is reversible error, her testimony being material to the defense.

### 5.—Same—Evidence—Grand Jury—Practice in Trial Court.

Defendant's complaint of the refusal of the court to restrict to impeaching purposes the testimony of the grand jurors, reproducing his testimony voluntarily given before the grand jury is unsound, and the same was admissible as original testimony.

Appeal from the District ourt of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of statutory rape; penalty, nine years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Forrester* and *S. R. Scott,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for statutory rape; punishment fixed at confinement in the penitentiary for a period of nine years.

The indictment filed the 27th day of March, 1920, charged the offense to have been committed on or about the first day of November, 1919.

The prosecutrix testified to a series of acts of intercourse, commencing about the beginning of the year 1919 and continuing up to about the end of that year. She related that they took place, sometimes at the office and sometimes at the home of the appellant, where she and her father were living, and occurred once or twice a week throughout most of the time mentioned.

Appellant objected to proof of more than one act of intercourse upon the ground that it was violative of the rule forbidding proof against one accused of crime of other independent offenses. In the trial of cases of this character, it is right to receive such testimony when it tends to solve some controverted issue. Skidmore v. State, 57 Texas Crim. Rep., 502; 26 L. R. A. (N. S.), 446; Bohannon v. State, 84 Texas Crim. Rep., 8; Bradshaw v. State, 82 Texas Crim. Rep., 351; Greer v. State, 87 Texas Crim. Rep., 432, 222 S. W. Rep., 986; Higgins v. State, 87 Texas Crim. Rep., 424, 222 S. W. Rep., 241. The testimony of the prosecutrix to the effect that the offense was committed by the appellant was controverted by evidence denying any admitted that her pregnancy was due to the act of another, and that she sought to extort money from the appellant by charging the cause to him. There was no error in admitting the testimony of the prosecutrix to the various antecedent acts of intercourse with the appellant. Each of these acts of intercourse, however, constituted a separate and distinct offense. Batchelor v. State, 41 Texas Crim. Rep., 501.

It was the privilege of the State, under the indictment, to found its prosecution upon any such act of the appellant and the prosecutrix within twelve months next preceding the filing of the indictment. From the testimony of the prosecutrix, it appeared that the appellant committed the offense of rape upon her fifty or more times within the period mentioned. The State, under the indictment, could convict but for one offense, and it was the appellant's right to have the prosecution select the transaction upon which it would seek to convict him. Bader v. State, 57 Texas Crim. Rep., 294; Batchelor v. State, 41 Texas Crim. Rep., 501; Powell v. State, 47 Texas Crim. Rep., 155; Stone v. State, 45 Texas Crim. Rep., 91. The appellant, by motion in a timely manner, sought to bring this about. His motion was overruled, the court stating that no election would be compelled until the evidence of both the appellant and the State was concluded, and this course was pursued. The appellant was notified after the close of the evidence that the jury would be instructed in the following language:

"In this case the State has elected and relies for a conviction on the date about the first day of November, 1920, as the date on which it is claimed by the prosecuting witness, Marzie Matthews, that the defendant, J. S. Crosslin, at his office, No. 503½ Austin Street, gave her 75 cents to attend the 'Cotton Palace,' which she claims was open and running at that time."

Treating the charge quoted as an election, under the circumstances, the question arises whether there was error in failing to designate the transaction relied upon at an earlier stage of the trial. On the subject of time for the election, it is said:

"Some of the courts hold that the ·election should be made as soon as the evidence discloses more than one act, while others hold that the court may in its discretion permit proof of several acts before requiring an election. But an election must be made before defendant is required to introduce his evidence." (Cyc., Vol. 33, p. 1500.)

On the same subject, the Supreme Court of this State quotes with approval the following language:

"It is one which addresses itself chiefly to the judicial discretion of the individual judge who presides at the trial. . . . As a general fact justice is best promoted when the judge permits the witnesses to go far enough to identify particular transactions before compelling the election."

Our Supreme Court says:

"The prosecuting officer should not be required to make the election before he has examined the witnesses far enough to identify the transactions to which the testimony relates, without going into details. When this has been done the election should then as a general rule be made." (Lunn v. State, 44 Texas Rep., 87.)

This general rule has been recognized on various occasions, and there is some distinction in the application of the rule to indictments containing but one count, and those containing several. See Blackwell v. State, 51 Texas Crim. Rep., 25. As applied to an indictment with a single count, as in this instance, we regard this as a fair statement of the rule prevailing in this State. When, as in the present instance, the State has the privilege of proving several acts of sexual intercourse and avails itself of this right, the election should not be required until at such stage in the development of the evidence as would give State's counsel an opportunity to intelligently determine upon which transaction he would rely for a conviction, and it should not be so long delayed that it would embarrass the accused by leaving him in doubt as against which offense he will be called upon to defend. Generally, the matter should be determined during the opening of the State's case. The application of the rule, however, must of necessity depend upon the facts of each particular case, and the time for the election rest, to a large degree, in the discretion of the trial court, to be reviewed only when the discretion is abused to the prejudice of the accused.

We discern no reason why the State should not have been required to do.so at the close of its testimony. Failure to do so at that time, besides denying appellant'the right which the law accorded him under the authorities mentioned, put him at the disadvantage of having to defend, not only against one but against fifty or more offenses. As he was confronted, he might disprove forty-nine and still be convicted upon the fiftieth transaction. It is true, as stated above, that all of the antecedent transactions were admissible, but only to aid the jury in determining whether the particular act which the State relied upon had been committed.

The trial was in progress for six days. The appellant, according to his theory and testimony, had no knowledge of the facts which would be proved against him except as they fell from the lips of the State's witnesses. The indictment against him would have authorized a conviction for any one of the numerous transactions testified to by the prosecutrix. During the six days that the trial was in progress he was compelled by the ruling of the court denying the election to proceed with his cross-examination of the State's witnesses and in the introduction of his own in ignorance of the particular offense of which he was prosecuted, and by force of circumstances required to combat them all. In a case of statutory rape where there were seven distinct acts of intercourse in evidence, the court said:

"The grievance of the defendant herein is founded on much broader lines than the mere order of procedure, and is that the court sustained the efforts of the district attorney to prevent him during seven days of the trial from finding out as to which one of the seven offenses testified to by complainant·he was indicted for and was to be tried for. This was done on the erroneous view of the law that the indictment covered not simply one offense, but each and°every one of seven distinct offenses down to such time as the district attorney should be pleased to elect, or the court should compel him to choose, one offense for presentation to the jury, at which moment the other six offenses would cease to be covered by the indictment. . This is a·view for which we have been unable to find any support either in principle or authority." (People v. Flaherty, 162 N. Y., 532, 57 N. E., 73.)

In another analogous case, the court said:·

"The trial court permitted the prosecution to introduce six distinct acts or crimes to be shown in evidence before the jury as having occurred in 1897 and 1898, during a period of 14 months, without requiring any election to be made, and allowed the case to go to the jury upon all the several acts of sexual intercourse shown, when only one act was or could be charged against the defendant. Such a course was calculated to confound, distract and confuse the defendant in his defense. He was expected to meet one charge at a specified time, but was required to defend against and meet six different acts occurring during a period of 14 months, upon one of which the jury was asked to convict." (State v. Hilberg, 22 Utah, 27.)

One of the acts to which the prosecutrix gave evidence, according to her testimony, took place at the office of the appellant between the 25th day of October and the 11th day of November, 1919, at a time when appellant gave her money to attend the Cotton Palace. The other acts of intercourse testified to by the prosecutrix were fixed in a very indefinite manner, both as to time and place.

The wife of the appellant was tendered as a witness. She would have testified in detail, showing her movements and those of the appellant on Saturday, the first of November, during the Cotton Palace; and her testimony, if true, would have shown that the offense could not have been committed by the appellant upon that date. She had not been put under the rule at the time the prosecutrix gave her testimony, and for that season her testimony was excluded. Of this the appellant complains by bill of exceptions and in his motion for new trial. That she was not put under the rule he seeks to explain by the statement that from his point of view the testimony of the prosecutrix was all fabricated and that prior to her utterances upon the trial, he had no knowledge or means of knowledge of the particular acts which she would ascribe to him or the times and places at which she would claim they occurred; that his only knowledge upon the subject was that gathered from her interview with him in which, after claiming that she was pregnant by another and being refused money from the appellant, she threatened him. His wife asserted in her affidavit attached to the motion for new trial, a like degree of ignorance, and both claimed that they only knew of the relevancy of the facts within her knowledge when they heard the witness declare that one of the occurrences had taken place on Saturday during the Cotton Palace, at appellant's office, within certain hours, and about the first of November.

We understand the law to vest in the trial judge the discretion to allow or refuse the testimony of a particular witness who has not been under the rule when the separation of witnesses has been demanded. While it is only upon rare occasions that the exercise of this discretion will be reviewed, it is not an absolute discretion and may not be arbitrarily exercised to the injury of the party calling the witnesses. Ashwood v. State, 37 Texas Crim. Rep., 550; Piles v. State, 32 S. W. Rep., 529; Turner v. State, 32 S. W. Rep., 700.

State's counsel, referring to the court's notation upon the bill of exceptions, insists that no injury was done the appellant for the reason that prosecutrix did not fix with certainty the date of the offense. This is true. She did, however, say that it occurred at a fixed place and hour of the day between the 25th of October and the 11th of November, on Saturday about the first of November. Between these dates, there were two Saturdays; one on the 1st and the other on the 8th. She also testified that she had had intercourse with the appellant, either at his house or his office, once or twice a week, in September, October and November. At the time the wife's testimony was offered, appellant was under the disadvantage of ignorance of the

State's intention with reference to selecting the particular transaction upon which it would seek a conviction. A number of offenses had been proved by the prosecutrix, and it was at that time, in the absence of an election, necessary that the appellant meet each of them with such proof as was at his command. In fact, this condition prevailed throughout the trial. Granting that the court's charge finally selected the transaction relied upon, the other acts of intercourse were still before the jury, introduced by the State to aid the jury in deciding whether appellant was guilty of the particular act selected. Evidence to controvert the testimony as to each of these acts was relevant and competent. The proffered testimony of his wife was obviously available to this end. Even, however, if her testimony had been proffered at a time when the appellant knew that the jury would be instructed, as they were finally instructed, her testimony would have been likewise relevant and material. The prosecutrix left the exact date of the offense in doubt, but so shaped her testimony that the jury might have determined that she meant to declare that the transaction occurred on the first of November. Her testimony clearly did not fix the time at another date. The court did not so regard it, for he told the jury that they could not convict unless they believed that the appellant had carnal knowledge with the prosecutrix on or about the first day of November. No mention is made of the 8th of November in the charge. If there was but one act of intercourse within the time, the law would be satisfied if the jury believed that the offense took place at any time between the 25th of October and the 11th of November. The number of acts within those dates and the days upon which it or they took place was not so certain as to render immaterial the evidence which the appellant's wife would have given to the effect that it could not have taken place upon the first day of November.

Considering the record before us, we think the failure of the appellant to anticipate that his wife might know facts material to his defense cannot be fairly ascribed to laches or improper design. According to his theory, he conducted the case throughout with no advance knowledge of the particular facts that the State would prove or the particular occurrence upon which they were to rely upon for a conviction. In view of his contention and the presumption of innocence it would not have been right to presume that he was not aware of the materiality of his wife's testimony or that he designedly allowed her to remain in the courtroom to afford her the opportunity to give perjury testimony.

We feel confident that the record shows that the State might have intelligently made an election at the close of its testimony, and that the failure of the court to require it was, under the facts of the case, prejudicial to the appellant.

We are also of the opinion that the circumstances did not warrant the exclusion of the testimony of appellant's wife and that this error

accentuated the injury done appellant in refusing to select from the numerous acts in evidence the one relied on for a conviction.

. We regard appellant's complaint of the refusal of the court to restrict to impeachment purposes the testimony of the grand jurors reproducing his testimony voluntarily given before the grand jury unsound. His statements relevant to the transaction were admissible against him as original testimony.

The other questions presented are such as are not likely to occur upon another trial.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*