

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00074-CR

BRUCE ALAN CRISWELL                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

## FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Bruce Alan Criswell was charged by indictment with one count of indecency with a child and four counts of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.11, 22.021 (West 2011). Appellant pleaded not guilty, but the jury found him guilty of each count and assessed punishment at twenty years' confinement for the first four counts and ten years' confinement for

---

[1]*See* Tex. R. App. P. 47.4.

the fifth count. The trial court ordered that the sentences run consecutively. Appellant contends in two points on appeal that permitting the State to elect the acts for which it seeks conviction at the close of the State's case-in-chief rather than before the presentation of evidence violates the due process provisions in the United States and Texas constitutions. We affirm.

## II. Background[2]

The State alleged in the indictment that Appellant intentionally or knowingly caused the sexual organ and anus of the child victim to contact his sexual organ, caused the child victim's sexual organ to contact his mouth, caused the child victim's mouth to contact his sexual organ, and caused the child victim to touch his genitals. Appellant was the child's step-grandfather at the time of the incidents.

The child, ten years old at the time of trial, testified at trial, and each of her parents testified to what she outcried to them. Appellant's wife testified about Appellant's access to the child, a forensic interviewer testified about the child's allegations and the steps taken after the allegations were made, and a child victim intervention specialist testified about details the child had relayed close to trial. The jury also heard testimony by investigating CPS personnel and police officers and the nurse who examined the child, and the State introduced various exhibits including evidence collected from Appellant's home, the examining

---

[2]Because Appellant does not challenge the sufficiency of the evidence, we only briefly set forth the evidence presented at trial.

nurse's report, and videotaped interviews of the child. Appellant testified and denied the offenses, and he offered testimony from nine character witnesses. Finally, Appellant presented expert testimony expressing concern that the child's outcry was influenced and potentially tainted by parental pressure and sexual acts she had seen in pornography.

Before trial, Appellant filed a Motion to Require Election by State. The trial court considered the motion at a pretrial hearing and denied it. Also at the pretrial hearing, Appellant alternatively requested that the trial court instruct the jury concerning potential extraneous offense testimony before or at the time that evidence was offered, and the trial court denied the request. Appellant's counsel also requested at the conclusion of the State's case-in-chief that the State make its election; the State did so, and the trial court gave the jury a limiting instruction verbally at the time of the State's election and in writing in the jury charge.

### III. Discussion

Appellant contends in two points that "the due process provisions of the Texas and United States constitutions are violated by the failure of the trial court to require the State to provide adequate notice of which acts it sought conviction on in this case and which acts are extraneous offenses."[3] Appellant concedes that the State made a proper election and that the trial court gave the jury a

---

[3]We consider Appellant's state and federal constitutional claims together because he has not separately briefed them. *See Smith v. State*, No. 02-08-00381-CR, 2009 WL 4878962, at *3 (Tex. App.—Fort Worth Dec. 17, 2009, no pet.) (mem. op., not designated for publication).

3

limiting instruction; he argues only that the timing of the election violated due process and harmed him. Appellant acknowledges, however, that "the appellate courts have consistently held that the State is required to make this election at the close of evidence," and he asks us "to consider that an election at the close of evidence has never adequately comported with the purposes of election and, more importantly, does not guarantee Appellant his constitutional rights of due process under either the United States or Texas Constitutions."

## A. Applicable Law

"The general rule is that where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction." *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). "The trial court in its discretion may order the State to make its election at any time prior to the resting of the State's case in chief" but must, in the face of a timely request by the defendant, order the State to make its election once the State rests its case-in-chief. *Id.* at 772; *see Phillips v. State*, 193 S.W.3d 904, 909–10 (Tex. Crim. App. 2006). There are four reasons for requiring the State, upon timely request by the defendant, to make an election at the close of its case-in-chief:

> [(1)] to protect the accused from the introduction of extraneous offenses;

> [(2)] to minimize the risk that the jury might choose to convict, not because one or more crimes were proved beyond a reasonable

4

doubt, but because all of them together convinced the jury the defendant was guilty;

    [(3)] to ensure unanimous verdicts; that is, all of the jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred; [and]

    [(4)] to give the defendant notice of the particular offense the State intends to rely upon for prosecution and afford the defendant an opportunity to defend.

*Phillips*, 193 S.W.3d at 909–10 (citations omitted).

In *O'Neal*, the defendant moved at a pretrial hearing, after the State rested, and at the close of all evidence for the State to make an election. *See* 746 S.W.2d at 771. The trial court granted the defendant's motion at the close of all evidence, and the State made its election. *Id.* The court of criminal appeals held that the trial court erred by failing to require an election at the end of the State's case-in-chief, and the court quoted with approval the rule as stated in *Crosslin v. State*:

When, as in the present instance, the state has the privilege of proving several acts of sexual intercourse and avails itself of this right, the election should not be required until such stage in the development of the evidence as would give state's counsel an opportunity to intelligently determine upon which transaction he would rely for a conviction, and it should not be so long delayed that it would embarrass the accused by leaving him in doubt as against which offense he will be called upon to defend. Generally the matter should be determined during the opening of the state's case. The application of the rule, however, must of necessity depend upon the facts of each particular case, and the time for the election rest, to a large degree, in the discretion of the trial court, to be reviewed only when the discretion is abused to the prejudice of the accused.

*Id.* at 771–72 (quoting *Crosslin v. State*, 90 Tex. Crim. 467, 470, 235 S.W. 905, 906 (Tex. Crim. App. 1921)).  After quoting *Crosslin*, the *O'Neal* Court held:

> The trial court in its discretion may order the State to make its election at any time prior to the resting of the State's case in chief. However, once the State rests its case in chief, in the face of a timely request by the defendant, the trial court *must* order the State to make its election.  Failure to do so constitutes error.

*Id.* at 772.

In *Phillips*, the court of criminal appeals addressed the State's argument that the trial court did not err by requiring election at the close of all evidence instead of at the close of the State's case-in-chief.  *See* 193 S.W.3d at 909–10. In doing so, the court reexamined but reaffirmed its holding in *O'Neal* and held:

> In short, requiring the State to elect at the close of its evidence forces it to formally differentiate the specific evidence upon which it will rely as proof of the charged offense from evidence of other offenses or misconduct it offers only in an evidentiary capacity.  This allows the trial judge to distinguish the evidence which the State is relying on to prove the particular act charged in the indictment from the evidence that the State has introduced for other relevant purposes. [*See* Tex. Code Crim. Proc. Ann. art. 38.37 (West 2005)] Thus, the trial court can instruct the jury on the proper use and weight to accord each type of evidence.  Moreover, the election requirement protects fundamental rights such as notice and unanimity, insuring both that the defendant is aware of precisely which act he must defend himself against, and that the jurors know precisely which act they must *all* agree he is guilty of in order to convict him.  Because of the multitude of compelling, systemic reasons for requiring an election, we decline to alter our decision in *O'Neal*, and find its reasoning applicable to the facts before us today.

*Id.* at 910.  Applying *O'Neal*, the *Phillips* Court stated, "The State has the privilege, in a case such as this, to delay election until such stage in the

development of the evidence as would give the State an opportunity to intelligently determine upon which transaction it prefers to rely for a conviction." *Id.* at 912. Thus, the trial court may, in its discretion, require the State to make an election at any time, including before trial, but the trial court must require the State to elect at the close of its case-in-chief if requested by the defendant. *Id.* at 910; *O'Neal*, 746 S.W.2d at 772; *Crosslin*, 90 Tex. Crim. at 470, 235 S.W. at 906.

## B. Application

In this case, Appellant requested at a pretrial hearing that the State make an election or, alternatively, that the trial court instruct the jury regarding extraneous offense testimony before or at the time the extraneous offense testimony was offered. The trial court denied each request.

Appellant argues that although the State did elect at the close of its case-in-chief and the jury was informed of that election verbally and in the charge, the State's election violated his due process rights. Specifically, Appellant contends that requiring the State's election after the close of its case-in-chief deprives a defendant of actual notice of extraneous offenses because pretrial notice of extraneous offenses—as required by code of criminal procedure articles 37.07 and 38.37 and rule of evidence 404(b)—is nothing more than a legal fiction when the State elects an offense for conviction that was listed in the pretrial extraneous offense notice. Appellant also argues that the later election makes it "virtually impossible" to adequately challenge the admissibility of extraneous offense evidence offered during the State's case-in-chief; limits defense counsel's ability

7

to request contemporaneous limiting instructions when extraneous offense evidence is admitted; prevents a defendant from challenging whether the grand jury indicted on the conduct at issue; and deprives a defendant of effective assistance of counsel due to these limitations because "no counsel could effectively prepare to defend acts that have not been specifically delineated as the actual offenses charged."

Many of Appellant's arguments were indirectly addressed in Chief Judge Keller's concurring opinion in *Phillips*. *See* 193 S.W.3d at 914–15 (Keller, C.J., concurring). In that concurring opinion, Chief Judge Keller wrote that of the four reasons for the rule that election must be made at the end of the State's case-in-chief, notice to the defendant was the only reason supporting election when the State rests. *Id.* at 914. However, Chief Judge Keller also wrote that the first reason—protecting the accused from the introduction of extraneous offenses—initially supports an election at the time the extraneous offense evidence is offered but that "this point in time cannot be formulated as a general rule" because the accused is often "not entitled to protection from the introduction of extraneous offenses"[4] and "the State will often need to develop its entire case-in-

---

[4]Code of criminal procedure article 38.37, section two provides that "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense" is admissible "for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child," notwithstanding rules 404 and 405 of the Texas Rules of Evidence. Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2010).

chief before it can intelligently determine which transaction it prefers to rely upon for conviction, and therefore which offenses are 'extraneous.'"[5]  *Id.* at 914–15 (citing Tex. Code Crim. Proc. Ann. art. 38.37; Tex. R. Evid. 404(b)).  Finally, Chief Judge Keller wrote that the second and third reasons for the rule governing the timing of the State's election—ensuring jury unanimity and proof beyond a reasonable doubt—both support requiring an election before charging the jury "but not any earlier."  *Id.* at 915.

Thus, the four reasons for requiring the State to elect at the close of its case-in-chief each suggest different times as appropriate for the State's election.  *See id.* at 914–15; *see also id.* at 914 n.53.  But as stated by the court of criminal appeals in *Crosslin*, the State's "election should not be required until at such stage in the development of the evidence as would give state's counsel an opportunity to intelligently determine upon which transaction he would rely for a conviction," and the trial court has the discretion, based on the facts of each case, to determine when the State should be required to make the election before resting its case.  *Crosslin*, 90 Tex. Crim. at 470, 235 S.W. at 906; *see O'Neal*, 746 S.W.2d at 772.  And as the *Phillips* majority stated, "[T]he close of the State's case in chief is the point in time at which an election best serves *all* of the interests involved."  *Phillips*, 193 S.W.3d at 914 n.53.

---

[5]Chief Judge Keller wrote that she believed this was the reason the *O'Neal* court held that the trial court has discretion to order the State to elect before the close of the State's case-in-chief.  *Id.* at 915.

Given the holdings and analysis in *Phillips*, *O'Neal*, and *Crosslin*, we decline Appellant's request that we "find that due process mandates that the State elect which acts it seeks to convict Appellant on prior to the beginning of trial when timely requested to do so." As an intermediate appellate court, we are not free to disregard court of criminal appeals precedent and believe it more appropriate for the court of criminal appeals, if it is so inclined, to initiate the substantive change that Appellant seeks. *See generally Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) (noting intermediate appellate courts are bound to follow the pronouncements of the court of criminal appeals). Moreover, because Appellant concedes that the State made a proper election at the close of its evidence in this case, we apply the well-settled rule that the trial court has the discretion, based on the facts of each case, to order the State to elect before the close of its evidence and must do so upon timely request by the defendant once the State has rested its case-in-chief.[6] *See Phillips*, 193 S.W.3d at 909–10; *O'Neal*, 746 S.W.2d at 772; *Crosslin*, 90 Tex.

---

[6]We do not address whether the trial court abused its discretion in this case by denying Appellant's request that the State make an election before trial because Appellant does not make the argument. Appellant contends only that his due process rights were violated by the trial court's failure to require the State's election before trial. *See* Tex. R. App. P. 47.1 (requiring court of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

Crim. at 470, 235 S.W. at 906.  We therefore overrule each of Appellant's two points.[7]

## IV. Conclusion

Having overruled each of Appellant's two points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2011

---

[7]Although it was enacted in 2009 and does not apply to this case, we note that penal code section 21.02 may alleviate concerns in cases like this one in which a defendant's right to notice of extraneous offense evidence is arguably threatened by an election by the State at the close of its case-in-chief.  *See generally* Tex. Penal Code Ann. § 21.02 (West Supp. 2011).  Section 21.02 is titled, "Continuous Sexual Abuse of Young Child or Children," and it provides that it is a first-degree felony for a person to commit two or more acts of sexual abuse in a thirty-day period against a victim younger than fourteen.  *Id.* § 21.02(b), (c).