02-10-074-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00074-CR

 

 


 
 
 Bruce Alan Criswell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 367th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Bruce Alan Criswell was charged by indictment with one count of indecency with
a child and four counts of aggravated sexual assault of a child. See
Tex. Penal Code Ann. §§ 21.11, 22.021 (West 2011).  Appellant pleaded not
guilty, but the jury found him guilty of each count and assessed punishment at
twenty years’ confinement for the first four counts and ten years’ confinement
for the fifth count.  The trial court ordered that the sentences run
consecutively. Appellant contends in two points on appeal that permitting the
State to elect the acts for which it seeks conviction at the close of the
State’s case-in-chief rather than before the presentation of evidence violates
the due process provisions in the United States and Texas constitutions.  We
affirm.

II. 
Background[2]

          The
State alleged in the indictment that Appellant intentionally or knowingly
caused the sexual organ and anus of the child victim to contact his sexual
organ, caused the child victim’s sexual organ to contact his mouth, caused the
child victim’s mouth to contact his sexual organ, and caused the child victim
to touch his genitals.  Appellant was the child’s step-grandfather at the time
of the incidents.

The
child, ten years old at the time of trial, testified at trial, and each of her
parents testified to what she outcried to them.  Appellant’s wife testified
about Appellant’s access to the child, a forensic interviewer testified about
the child’s allegations and the steps taken after the allegations were made,
and a child victim intervention specialist testified about details the child
had relayed close to trial.  The jury also heard testimony by investigating CPS
personnel and police officers and the nurse who examined the child, and the
State introduced various exhibits including evidence collected from Appellant’s
home, the examining nurse’s report, and videotaped interviews of the child.  Appellant
testified and denied the offenses, and he offered testimony from nine character
witnesses.  Finally, Appellant presented expert testimony expressing concern
that the child’s outcry was influenced and potentially tainted by parental
pressure and sexual acts she had seen in pornography.

          Before
trial, Appellant filed a Motion to Require Election by State.  The trial court
considered the motion at a pretrial hearing and denied it.  Also at the
pretrial hearing, Appellant alternatively requested that the trial court
instruct the jury concerning potential extraneous offense testimony before or
at the time that evidence was offered, and the trial court denied the request.  Appellant’s
counsel also requested at the conclusion of the State’s case-in-chief that the
State make its election; the State did so, and the trial court gave the jury a
limiting instruction verbally at the time of the State’s election and in writing
in the jury charge.

III. 
Discussion

          Appellant
contends in two points that “the due process provisions of the Texas and United
States constitutions are violated by the failure of the trial court to require
the State to provide adequate notice of which acts it sought conviction on in
this case and which acts are extraneous offenses.”[3]
 Appellant concedes that the State made a proper election and that the trial
court gave the jury a limiting instruction; he argues only that the timing of
the election violated due process and harmed him.  Appellant acknowledges,
however, that “the appellate courts have consistently held that the State is
required to make this election at the close of evidence,” and he asks us “to
consider that an election at the close of evidence has never adequately
comported with the purposes of election and, more importantly, does not
guarantee Appellant his constitutional rights of due process under either the
United States or Texas Constitutions.”

A.  Applicable
Law

          “The
general rule is that where one act of intercourse is alleged in the indictment
and more than one act of intercourse is shown by the evidence in a sexual
assault trial, the State must elect the act upon which it would rely for
conviction.”  O’Neal v. State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). 
“The trial court in its discretion may order the State to make its election at
any time prior to the resting of the State’s case in chief” but must, in the
face of a timely request by the defendant, order the State to make its election
once the State rests its case-in-chief.  Id. at 772; see Phillips v.
State, 193 S.W.3d 904, 909–10 (Tex. Crim. App. 2006).  There are four
reasons for requiring the State, upon timely request by the defendant, to make
an election at the close of its case-in-chief:  

[(1)] to protect the
accused from the introduction of extraneous offenses; 

 

[(2)] to minimize the
risk that the jury might choose to convict, not because one or more crimes were
proved beyond a reasonable doubt, but because all of them together convinced
the jury the defendant was guilty;

 

[(3)] to ensure
unanimous verdicts; that is, all of the jurors agreeing that one specific
incident, which constituted the offense charged in the indictment, occurred; [and]

 

[(4)] to give the
defendant notice of the particular offense the State intends to rely upon for
prosecution and afford the defendant an opportunity to defend.

 

Phillips,
193 S.W.3d at 909–10 (citations omitted).

          In
O’Neal, the defendant moved at a pretrial hearing, after the State
rested, and at the close of all evidence for the State to make an election.  See
746 S.W.2d at 771.  The trial court granted the defendant’s motion at the
close of all evidence, and the State made its election.  Id.  The court
of criminal appeals held that the trial court erred by failing to require an
election at the end of the State’s case-in-chief, and the court quoted with
approval the rule as stated in Crosslin v. State:

When, as in the
present instance, the state has the privilege of proving several acts of sexual
intercourse and avails itself of this right, the election should not be
required until such stage in the development of the evidence as would give
state’s counsel an opportunity to intelligently determine upon which
transaction he would rely for a conviction, and it should not be so long
delayed that it would embarrass the accused by leaving him in doubt as against
which offense he will be called upon to defend.  Generally the matter should be
determined during the opening of the state’s case.  The application of the
rule, however, must of necessity depend upon the facts of each particular case,
and the time for the election rest, to a large degree, in the discretion of the
trial court, to be reviewed only when the discretion is abused to the prejudice
of the accused.

 

Id. at
771–72 (quoting Crosslin v. State, 90 Tex. Crim. 467, 470, 235 S.W. 905,
906 (Tex. Crim. App. 1921)).  After quoting Crosslin, the O’Neal
Court held:

The trial court in
its discretion may order the State to make its election at any time prior to
the resting of the State’s case in chief.  However, once the State rests its
case in chief, in the face of a timely request by the defendant, the trial
court must order the State to make its election.  Failure to do so
constitutes error.

 

Id. at
772.

          In
Phillips, the court of criminal appeals addressed the State’s argument
that the trial court did not err by requiring election at the close of all
evidence instead of at the close of the State’s case-in-chief.  See 193
S.W.3d at 909–10.  In doing so, the court reexamined but reaffirmed its holding
in O’Neal and held:

In short, requiring
the State to elect at the close of its evidence forces it to formally
differentiate the specific evidence upon which it will rely as proof of the
charged offense from evidence of other offenses or misconduct it offers only in
an evidentiary capacity.  This allows the trial judge to distinguish the
evidence which the State is relying on to prove the particular act charged in
the indictment from the evidence that the State has introduced for other
relevant purposes.  [See Tex. Code Crim. Proc. Ann. art. 38.37 (West 2005)]
 Thus, the trial court can instruct the jury on the proper use and weight to
accord each type of evidence.  Moreover, the election requirement protects
fundamental rights such as notice and unanimity, insuring both that the
defendant is aware of precisely which act he must defend himself against, and
that the jurors know precisely which act they must all agree he is
guilty of in order to convict him.  Because of the multitude of compelling,
systemic reasons for requiring an election, we decline to alter our decision in
O’Neal, and find its reasoning applicable to the facts before us today.

 

Id. at
910.  Applying O’Neal, the Phillips Court stated, “The State has
the privilege, in a case such as this, to delay election until such stage in
the development of the evidence as would give the State an opportunity to
intelligently determine upon which transaction it prefers to rely for a
conviction.”  Id. at 912.  Thus, the trial court may, in its discretion,
require the State to make an election at any time, including before trial, but
the trial court must require the State to elect at the close of its case-in-chief
if requested by the defendant.  Id. at 910; O’Neal, 746 S.W.2d at
772; Crosslin, 90 Tex. Crim. at 470, 235 S.W. at 906.

B. 
Application

          In
this case, Appellant requested at a pretrial hearing that the State make an
election or, alternatively, that the trial court instruct the jury regarding
extraneous offense testimony before or at the time the extraneous offense
testimony was offered.  The trial court denied each request.

Appellant
argues that although the State did elect at the close of its case-in-chief and
the jury was informed of that election verbally and in the charge, the State’s
election violated his due process rights.  Specifically, Appellant contends
that requiring the State’s election after the close of its case-in-chief
deprives a defendant of actual notice of extraneous offenses because pretrial
notice of extraneous offenses—as required by code of criminal procedure
articles 37.07 and 38.37 and rule of evidence 404(b)—is nothing more than a
legal fiction when the State elects an offense for conviction that was listed
in the pretrial extraneous offense notice.  Appellant also argues that the
later election makes it “virtually impossible” to adequately challenge the
admissibility of extraneous offense evidence offered during the State’s case-in-chief;
limits defense counsel’s ability to request contemporaneous limiting
instructions when extraneous offense evidence is admitted; prevents a defendant
from challenging whether the grand jury indicted on the conduct at issue; and
deprives a defendant of effective assistance of counsel due to these
limitations because “no counsel could effectively prepare to defend acts that
have not been specifically delineated as the actual offenses charged.”  

Many
of Appellant’s arguments were indirectly addressed in Chief Judge Keller’s
concurring opinion in Phillips.  See 193 S.W.3d at 914–15
(Keller, C.J., concurring).  In that concurring opinion, Chief Judge Keller
wrote that of the four reasons for the rule that election must be made at the
end of the State’s case-in-chief, notice to the defendant was the only reason
supporting election when the State rests.  Id. at 914.  However, Chief
Judge Keller also wrote that the first reason—protecting the accused from the
introduction of extraneous offenses—initially supports an election at the time
the extraneous offense evidence is offered but that “this point in time cannot
be formulated as a general rule” because the accused is often “not entitled to
protection from the introduction of extraneous offenses”[4]
and “the State will often need to develop its entire case-in-chief before it
can intelligently determine which transaction it prefers to rely upon for
conviction, and therefore which offenses are ‘extraneous.’”[5] 
Id. at 914–15 (citing Tex. Code Crim. Proc. Ann. art. 38.37; Tex. R.
Evid. 404(b)).  Finally, Chief Judge Keller wrote that the second and third
reasons for the rule governing the timing of the State’s election—ensuring jury
unanimity and proof beyond a reasonable doubt—both support requiring an
election before charging the jury “but not any earlier.”  Id. at 915. 

Thus,
the four reasons for requiring the State to elect at the close of its
case-in-chief each suggest different times as appropriate for the State’s
election.  See id. at 914–15; see also id. at 914 n.53.  But as
stated by the court of criminal appeals in Crosslin, the State’s “election
should not be required until at such stage in the development of the evidence
as would give state’s counsel an opportunity to intelligently determine upon
which transaction he would rely for a conviction,” and the trial court has the
discretion, based on the facts of each case, to determine when the State should
be required to make the election before resting its case.  Crosslin, 90
Tex. Crim. at 470, 235 S.W. at 906; see O’Neal, 746 S.W.2d at 772.  And
as the Phillips majority stated, “[T]he close of the State’s case in
chief is the point in time at which an election best serves all of the
interests involved.”  Phillips, 193 S.W.3d at 914 n.53.  

Given
the holdings and analysis in Phillips, O’Neal, and Crosslin,
we decline Appellant’s request that we “find that due process mandates that the
State elect which acts it seeks to convict Appellant on prior to the beginning
of trial when timely requested to do so.”  As an intermediate appellate court,
we are not free to disregard court of criminal appeals precedent and believe it
more appropriate for the court of criminal appeals, if it is so inclined, to
initiate the substantive change that Appellant seeks.  See generally Wiley
v. State, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d)
(noting intermediate appellate courts are bound to follow the pronouncements of
the court of criminal appeals).  Moreover, because Appellant concedes that the
State made a proper election at the close of its evidence in this case, we
apply the well-settled rule that the trial court has the discretion, based on
the facts of each case, to order the State to elect before the close of its
evidence and must do so upon timely request by the defendant once the State has
rested its case-in-chief.[6]  See Phillips, 193
S.W.3d at 909–10; O’Neal, 746 S.W.2d at 772; Crosslin, 90 Tex.
Crim. at 470, 235 S.W. at 906.  We therefore overrule each of Appellant’s two
points.[7]

IV. 
Conclusion

          Having
overruled each of Appellant’s two points, we affirm the trial court’s judgment.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]Because Appellant does not
challenge the sufficiency of the evidence, we only briefly set forth the
evidence presented at trial.





[3]We consider Appellant’s
state and federal constitutional claims together because he has not separately
briefed them.  See Smith v. State, No. 02-08-00381-CR, 2009 WL 4878962,
at *3 (Tex. App.—Fort Worth Dec. 17, 2009, no pet.) (mem. op., not designated
for publication). 





[4]Code of criminal procedure
article 38.37, section two provides that “evidence of other crimes, wrongs, or
acts committed by the defendant against the child who is the victim of the
alleged offense” is admissible “for its bearing on relevant matters,
including:  (1) the state of mind of the defendant and the child; and (2) the
previous and subsequent relationship between the defendant and the child,”
notwithstanding rules 404 and 405 of the Texas Rules of Evidence.  Tex. Code
Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2010).





[5]Chief Judge Keller wrote
that she believed this was the reason the O’Neal court held that the
trial court has discretion to order the State to elect before the close of the
State’s case-in-chief.  Id. at 915.





[6]We do not address whether
the trial court abused its discretion in this case by denying Appellant’s
request that the State make an election before trial because Appellant does not
make the argument.  Appellant contends only that his due process rights were
violated by the trial court’s failure to require the State’s election before
trial.  See Tex. R. App. P. 47.1 (requiring court of appeals to “hand
down a written opinion that is as brief as practicable but that addresses every
issue raised and necessary to final disposition of the appeal”).





[7]Although it was enacted in
2009 and does not apply to this case, we note that penal code section 21.02 may
alleviate concerns in cases like this one in which a defendant’s right to
notice of extraneous offense evidence is arguably threatened by an election by
the State at the close of its case-in-chief.  See generally Tex. Penal
Code Ann. § 21.02 (West Supp. 2011).  Section 21.02 is titled, “Continuous
Sexual Abuse of Young Child or Children,” and it provides that it is a
first-degree felony for a person to commit two or more acts of sexual abuse in
a thirty-day period against a victim younger than fourteen.  Id. § 21.02(b),
(c).